# THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CRIMINAL CASE NO. 1:00-cr-00069-MR-3

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | **MEMORANDUM OF** |
| vs. | ) | **DECISION AND ORDER** |
| | ) | |
| GEORGE McBRIDE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion for Sentence Reduction Pursuant to Both 18 U.S.C. § 3582(c)(1)(A) and (c)(2) [Doc. 256]; the Defendant's Motion to Supplement [Doc. 258]; and the Government's Motion to Seal Exhibit 1 to Response to Motions Related to Compassionate Release [Doc. 264].

## I. BACKGROUND

The Court exhaustively recounted the relevant factual and procedural background of this case in its Order denying the Defendant's first motion for compassionate release and will not repeat that here. [See Doc. 230]. The Defendant George McBride is currently serving a life sentence at FCI Jesup.[1]

---

[1] See https://www.bop.gov/inmateloc/ (last accessed Aug. 4, 2026).

In June 2021, the Defendant filed his first motion for compassionate release. [Doc. 218]. For grounds, the Defendant argued that he would receive a lower sentence if sentenced today under the First Step Act and that he had a number of medical conditions that made him more vulnerable to serious health consequences should he contract COVID-19. [Doc. 218 at 5-6]. In October 2021, the Court denied the Defendant's motion, concluding that the Defendant had not shown any extraordinary and compelling reasons for release. [Doc. 230]. Additionally, the Court concluded that the § 3553(a) factors continued to weigh in favor of his incarceration for life. [Id.].

The Defendant has now filed his second motion for compassionate release. [Doc. 256]. For grounds, he argues that numerous changes in the law create a gross disparity between the life sentence that was imposed and how he would likely be sentenced today; that he suffers from multiple medical conditions for which he has not received adequate treatment; that he suffered from extremely severe prison conditions during the pandemic; and that he has meaningfully dedicated himself to rehabilitation while incarcerated. [Id.]. In his motion to supplement [Doc. 258], the Defendant provides the Court with additional documentation regarding his efforts at rehabilitation.[2]

---

[2] The Defendant's Motion to Supplement [Doc. 258] the record is granted.

2

The Government filed a Response opposing the Defendant's motion on July 6, 2026. [Doc. 263]. After receiving an extension of time to do so, the Defendant filed a Reply on August 3, 2026. [Doc. 267]. Accordingly, this matter is fully briefed and ripe for determination.

## II.  DISCUSSION

### A.  Motion for Compassionate Release

Section 3582(c)(1)(A) permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Here, the Government does not dispute that the Defendant has sufficiently exhausted his administrative remedies with BOP. Accordingly, the Court will proceed to address the merits of the Defendant's compassionate release request.

As is relevant here, the Court may reduce a defendant's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must

also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable.  Id.

Section 1B1.13 of the United States Sentencing Guidelines sets forth the Sentencing Commission's policy statement applicable to compassionate release reductions.  See U.S.S.G. § 1B1.13.  This policy statement sets forth a list of specified extraordinary and compelling reasons, considered either singly or in combination, that can warrant a reduction in sentence, including: (1) the defendant's medical condition, including a terminal illness or serious medical or physical condition that substantially diminishes the defendant's ability to provide self-care or requires long-term or specialized medical care; (2) the defendant's age, if the defendant at least 65 years old, is experiencing a serious deterioration in physical or mental health, and has served at least 10 years or 75 percent of his or her term of imprisonment; (3) certain family circumstances, such as the death or incapacitation of the defendant's child, or where the defendant would be the only available caregiver for an incapacitated family member; (4) where the defendant was a victim of abuse while in custody;  (5) any other reasons that are similar in gravity to the aforementioned reasons; and (6) in the event of an "unusually long sentence," the defendant has served at least 10 years of the term of imprisonment, and there has been a change in the law (other than an

4

amendment to the Guidelines Manual that has not been made retroactive) that would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed. U.S.S.G. § 1B1.13(b)(1)-(6). With respect to rehabilitation, the policy statement states that a defendant's rehabilitation, by itself, is not an extraordinary and compelling reason for compassionate release, but "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." Id. § 1B1.13(d).

The Defendant first argues that under § 1B1.13(b)(6) his sentence is unusually long given the disparity between his life sentence and the sentence he contends he would receive today. Specifically, he argues that, under the amended career-offender Guideline, Amendment 798, he would no longer qualify as a career offender. The Sentencing Commission, however, did not make Amendment 798 retroactive. See U.S.S.G. § 1B1.10(d) (2025). Section 1B1.13(b)(6) exempts "amendments[] to the Guidelines Manual that ha[ve] not been made retroactive" from its definition of extraordinary and

compelling reasons. Id. § 1B1.13(b)(6). Accordingly, this non-retroactive change in the Guidelines offers the Defendant no relief.[3]

The Defendant also argues that there is an unwarranted disparity between his sentence and the sentences of his co-defendants which warrants granting him relief. Recently, the Supreme Court issued two decisions sharply limiting the grounds that a defendant can raise in seeking compassionate release. See Fernandez v. United States, 146 S. Ct. 1292 (2026); Rutherford v. United States, 146 S. Ct. 1320 (2026). In Fernandez, the Supreme Court held that the supposed invalidity of a conviction cannot constitute an extraordinary and compelling reason for a sentence reduction. 146 S. Ct. at 1303. In Rutherford, the Supreme Court held that a nonretroactive change to the stacking provision within § 924(c) cannot serve as extraordinary and compelling reason for release. 146 S. Ct. at 1331. Notably, in light of these decisions, the Supreme Court granted certiorari, vacated the judgment, and remanded ("GVR") United States v. Johnson, a Fourth Circuit decision in which the Court of Appeals had held that a dramatic disparity between the sentences imposed upon a defendant and his co-

---

[3] Because Amendment 798 is not retroactive, the Defendant further is precluded from relief under 18 U.S.C. § 3582(c)(2). See Dillon v. United States, 560 U.S. 817, 826 (2010) ("A court's power under § 3582(c)(2) thus depends in the first instance on the [Sentencing] Commission's decision not just to amend the Guidelines but to make the amendment retroactive.").

conspirators can constitute an extraordinary and compelling reason for relief under § 3582(c)(1)(A).  See United States v. Johnson, 143 F.4th 212 (4th Cir. 2025), cert. granted, vacated, and remanded by No. 25-551, 2026 WL 1640930 (U.S. June 8, 2026). The GVR of Johnson in light of these holdings indicates that Johnson is no longer good law and that an alleged disparity between the sentences imposed upon a defendant and others, including his co-conspirators, cannot be considered a basis for finding an extraordinary and compelling reason for relief under § 3582(c)(1)(A).

The Defendant also asserts that he has a number of serious physical and medical conditions that warrant granting him the extraordinary relief of compassionate release.  The Court has already addressed the Defendant's medical conditions of obesity, severe hypertension, high blood pressure, deteriorating vision, eye disease, gout, chronic lung disease, and upper respiratory infections and concluded that these conditions do not substantially diminish the Defendant's ability to provide self-care while imprisoned.  To the extent that the Defendant asserts additional medical conditions—such as hernias, diverticular disease, hemorrhoids, and keratoconus—the Court has reviewed the BOP medical records provided and is satisfied that these conditions do not substantially diminish the Defendant's ability to provide self-care and are in fact being adequately

7

treated through medical visits, procedures, and medication. The Defendant's medical conditions, therefore, do not provide an extraordinary and compelling reason for his release.

The Defendant also contends that he is entitled to a sentence reduction because of the hardship imposed during the COVID-19 pandemic, such as reduced programming and increased exposure to the virus. Any harsh conditions that may have been imposed on him during the pandemic, without more, do not constitute extraordinary and compelling reasons justifying a reduced sentence. See United States v. Johnson, No. RDB-18-0178, 2024 WL 2956095, at *4 (D. Md. June 12, 2024) ("the harsh conditions of [the defendant's] incarceration [during the pandemic] alone do not occasion the granting of compassionate release").

Having disposed of the Defendant's arguments regarding the alleged sentencing disparity, his medical conditions, and harsh prison conditions, the only ground remaining for the Court to address is the Defendant's rehabilitation. While the Defendant's adjustment to federal prison overall has apparently been positive, his conduct is not by any means exceptional and does not by itself constitute extraordinary and compelling reasons for a reduction of his sentence. See U.S.S.C. § 1B1.13(d).

For these reasons, the Court finds that the grounds cited by the Defendant, considered singly and in combination, do not constitute an extraordinary and compelling reason for a sentence reduction in this case.

Even if the Defendant could demonstrate an extraordinary and compelling reason, this Court still must consider the § 3553(a) factors, as "applicable," as part of its analysis of determining whether a sentence reduction is warranted. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

As the Court found in denying the Defendant's first motion for compassionate release [Doc. 230], analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Here, the Defendant's offense conduct was serious, involving the distribution of a prodigious amount of cocaine—at least 70 kilograms—within the relatively small communities of western North Carolina. Further, at the time that he engaged in subject conspiracy, the Defendant was in his early 30s and had already accrued a significant criminal history, including convictions for felony possession of controlled substances, involuntary manslaughter, discharge of a firearm with gross negligence, possessing a firearm as a convicted felon, and receiving stolen property. [Doc. 104: PSR at ¶¶ 28-32]. In light of the serious nature of the Defendant's offense and his criminal history, the Court

finds that the relevant § 3553(a) sentencing factors, including the need for the sentence to reflect the true extent and seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes, counsel against the Defendant's early release.

In sum, the Court finds that there are no "extraordinary and compelling reasons" for the Defendant's release and that analysis of the relevant § 3553(a) factors continue to weigh in favor of his continued incarceration. Accordingly, the Defendant's second Motion for Sentence Reduction is denied.

## B. Motion to Seal

The Government moves the Court for leave to file under permanent seal the Defendant's medical records, submitted as Exhibit 1 to its Response to the Defendant's Motion for Sentence Reduction. [Doc. 264].

Before sealing a court document, the Court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000). In the present

case, the public has been provided with adequate notice and an opportunity to object to the Government's motion. The Government filed its motion on August 24, 2021, and such motion has been accessible to the public through the Court's electronic case filing system since that time. Further, the Government has demonstrated that the medical records submitted in support of the Government's Response [Doc. 265] contain sensitive information concerning the Defendant and that the public's right of access to such information is substantially outweighed by the Defendant's competing interest in protecting the details of such information. See United States v. Harris, 890 F.3d 480, 492 (4th Cir. 2018). Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that sealing of these medical records is necessary to protect the Defendant's privacy interests. For these reasons, the Government's Motion to Seal will be granted.

## O R D E R

**IT IS, THEREFORE, ORDERED** that:

(1)     The Defendant's Motion for Sentence Reduction Pursuant to Both 18 U.S.C. § 3582(c)(1)(A) and (c)(2) [Doc. 256] is **DENIED**;

(2)    The Defendant's Motion to Supplement [Doc. 258] is **GRANTED**; and

(3)    The Government's Motion to Seal [Doc. 264] is **GRANTED**, and the medical records submitted in support of the Government's Response [Doc. 265] shall be filed under seal and shall remain under seal until further Order of the Court.

**IT IS SO ORDERED.**

Signed: August 6, 2026

Martin Reidinger
Chief United States District Judge